UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　-vs-<br><br>DAVID C. SMITH,<br><br>　　　　　　Defendant. | NO.　CR-02-0022-WFN<br><br>ORDER |

Before the Court for hearing without oral argument is Mr. Smith's Motion for Early Termination [of Supervised Release] filed by defense counsel Amy Rubin on January 24, 2007 (Ct. Rec. 117). Assistant United States Attorney Thomas Hopkins filed a Response on January 31, 2007 (Ct. Rec. 120) opposing the Motion for Early Termination. United States Probation Officer Richard Law also provided the Court and counsel with a Response to Request for Early Termination, dated January 26, 2007, in which he too opposed early termination. Mr. Smith's Reply was filed February 7, 2007 (Ct. Rec. 121).

Mr. Smith asserts that he has completed over 34 months of his 36 month term of supervised release; that he has been compliant with the terms of his supervision, and that on January 10, 2007 he paid off the remaining balance of his $3,000 fine. He is attempting to obtain his mortgage broker license but cannot submit his application until he is off supervision.

The Government and the Probation Officer objected to early termination of supervision noting that Defendant was initially not compliant with instructions to make payments on the

ORDER - 1

$3,000 fine and did not pay it off until the Probation Officer advised that he would seek an extension of the term of supervised release. Although Mr. Smith was providing child care for his children as a "stay-at-home-Dad" he also did not seek even part-time employment when encouraged to do so by the Probation Officer. The expiration date for supervision is March 7, 2007.

**Applicable Law.**  18 U.S.C. § 3583(e) provides that:

> The court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice . . . .

The factors to be considered include 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of the defendant); (a)(2)(B) (adequate deterrence); (a)(2)(C) (protection of the public); (a)(2)(D) (services needed by the defendant); (a)(4) (established sentence); (a)(5) (U.S.S.G. policy statements); (a)(6) (need to avoid sentencing disparity); and (a)(7) (need to provide restitution to any victims).

**Findings.**  The Court finds that:

  1. Mr. Smith was initially not compliant with the requirement to make payments towards his $3,000 fine. A supervised release violation hearing was held October 20, 2005, to address this non-compliance. The Court made no finding on the alleged violation but encouraged Mr. Smith to comply with the requirements of $125.00 per month payment toward the fine.

  2. While Mr. Smith is commended for finally paying off the $3,000 fine, the Court notes that if payments of $125.00 per month had been made, the fine would have been paid off in 24 months rather than in the 34 months required by Mr. Smith.

  3. Mr. Smith's term of supervised release will expire on March 7, 2007.

ORDER - 2

4.   The three year term of supervised release imposed upon Mr. Smith was within the standards set forth by statute and the now advisory Sentencing Guidelines.

5.   Consistency in sentencing is of concern to the Court.  Supervised release should be terminated early only if a defendant's conduct warrants it.  This Defendant's conduct is not exceptional. Consistency concerns weigh against early termination.

6.   The Court has considered the statutory factors and determined that early termination of supervised release is not appropriate for Mr. Smith.  This is particularly the case because the United States Probation Officer recommends against early termination.

Accordingly,

**IT IS ORDERED** that Mr. Smith's Motion for Early Termination, filed January 24, 2007, **Ct. Rec. 117,** is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Probation Officer Richard Law.

**DATED** this 13th day of February, 2007.

            s/ Wm. Fremming Nielsen
            WM. FREMMING NIELSEN
02-09       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3